IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGGIE L. McCOY,** | CV F 05 - 0102 AWI WMW HC |
| Petitioner, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTIONS TO AMEND |
| v. | |
| **PAUL SCHULTZ, WARDEN,** | [Docs. 10, 13, 15] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is Petitioner's motion for a temporary restraining order filed April 1, 2005, and his two subsequent motions to amend.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir.

1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

In the present case, Petitioner seeks an order enjoining Respondent from the following: 1) classifying Petitioner "as a sex offender considered for sexual deviant behavior program for public safety factor;" 2) transferring Petitioner "to a U.S.P. based on use of sexually oriented information or otherwise;" 3) denying Petitioner "commissary phone privileges and visiting privileges;" 4) sexual discrimination against Petitioner by staff; 5) placing Petitioner in a segregated housing unit in retaliation for his complaints; and 6) transferring Petition "while this action is pending except transferring him to MDC California or Terminal Island with disciplinary records sealed by court order."

In seeking to have the court enjoin these actions by Respondent, Petitioner essentially asks the court to temporarily award the an extension of the relief he seeks in his petition, in which he challenges the outcome of a prison disciplinary proceeding.   After reviewing the motion, the court finds that Petitioner has demonstrated neither a likelihood of success on the merits of his petition, nor the existence of serious questions going to the merits.  The court concludes, therefore, that Petitioner has not made the requisite showing for the temporary injunctive relief sought.

On May 2, 2005, and again on May 23, 2005, Petitioner filed motions to amend or supplement his motion for a temporary restraining order.  Because the court is denying the underlying motion for a temporary restraining order, the motions to amend must be denied also.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's request for a temporary restraining order is DENIED;

2) Petitioner's motions to amend or supplement his motion for a temporary restraining order are DENIED.

IT IS SO ORDERED.

**Dated:   March 3, 2006**                    **/s/ Anthony W. Ishii**
0m8i78                                         UNITED STATES DISTRICT JUDGE

3